IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF MISSOURI

In Regarding: Case Number: 4:17-cr-00012-CDP-1

Anthony T. Caruthers
In Propria Persona, Sui Juris
            Petitioner,

                                        **RECEIVED**
                                        SEP 18 2018
    V.S.                                 **BY MAIL**

LUNITED STATES OF AMERICA
            Respondent(s)

                                        **FILED**
                                        SEP 19 2018
                                        U.S. DISTRICT COURT
                                        EASTERN DISTRICT OF MO
                                        ST. LOUIS

                                        **4:18CV1588 CDP**

Petition for A Writ of Habeas Corpus pursuant to
Title 28 U.S.C. §2255 To Vacate, Set Aside and/or
      Dismiss Indictment and/or Sentence

Comes Now the Petitioner Anthony T. Caruthers, submitting and/or filing
this said Petition for A §2255 for the following reason(s), ground(s)
and/or fact(s):

              — SEE ATTACHED AFFIDAVIT —


BRIEF HISTORY ~

Petitioner is committed to the custody of the Federal Bureau of Prisons
to be imprisoned for a total term of 168 months with recommendations
to the BOP. This term consists of a term of 84 months on each of
counts one and two, all such terms to be served consecutively
to one another. The sentence in count one shall being immediately.
This sentence shall run concurrently with any parole revocation
and sentence imposed in Docket Nos. 1022-cr-02080-01; 1122-cr-
0551-01; and 1422-cr-02923-01, if lawfull. Supervised release for a
term of three years with additional supervised release terms.

1

ARGUEMENT ~

"The law provides that once state or federal jurisdiction has been challenged, it must be proven to exist" *Maine v. Thiboutot,* 448 U.S. 1 (1980)

"The question of legislative in the court over the 'locus in quo' where the alleged criminal act was alleged to have been committed, can be raised at any stage of the judicial proceedings it is never presumed. but must always be proven: it can never be waived by the accused." *United States v. Rodgers* 23 F. 658 (D.C. Ark. 1885)

"A motion to set aside a judgment as void for lack of jurisdiction is not subject to the time limitation." *Garcia v. Garcia.* 712 F.2d 288 (UHAH 1986)

In *United States v. Bevans.* 16 U.S. (3 wheat) 336 (1818) the court established the principle that only where the federal government had the power to "exclusive legislation" did it have jurisdiction. The legislation principle is not addressed to subject matter, but to geographical location. The power to prosecte "federal" crimes is confined

2 of 39

to those crime(s) committed within the legislative, territorial, admiralty, or maritime jurisdiction of the federal "United States."

"A judicially noticed fact must be one not subject to reasonable dispute in that it is capable either: (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." [Emphasis Added] F.R.Cr.P. Rule 201(b)

"When Mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information." F.R.Cr.P. Rule 201(f).

"Whenever it appears by suggestion of the parties or otherwise, that the courts lack jurisdiction of the subject matter, the court shall dismiss the action." F.R.Civ.P Rule 12(h)(3)

A motion challenging "federal territorial jurisdiction is an exception to the rule that a guilty plea waives all claims of constitutional violations. United States v. Caperell, 938 F.2d. 975, 977 (9th Cir. 1991); United States v. Robertson, 698 F.2d 703, 704 n. 1 (5th Cir. 1983)

as the issue of whether the government had the power to bring the charge still remains. U.S. v. Cortez 973 F.2d 764, 766-67 (9th Cir. 1992).

Lack of territorial jurisdiction cannot be waived and may be asserted at any time. Glidden v. Zdanok 370 U.S. 530, 535-37, 8 L.Ed 2d 671 (1962)

The prosecutor has an obligation to work for "justice" and act within the constraints of federal "territorial jurisdiction", not simply a result that favors the government's preconceived idea of what the outcome of legal proceedings should be. The prosecutor's proceedings herein, in want of federal "territorial jurisdiction" promots Petitioner filing the accompanying "Motion for Leave to File a Criminal Information For Contempt" against all federal employees whom were involved for their failure to sustain and give Effect to Supreme Court Authority, because of their actions in ~~violation~~ violation of their oath of office. Article I, Section 8, Clause 17, and resulting Supreme Court authority, it being a well established fundamental principle of law that federal criminal legislation applies only within the "territorial

jurisdiction of the United States (18 U.S.C. section 5 and 7) unless a contrary intent appears. U.S. v. Bevans, 16 U.S (3 Wheat) 336, 350-51, 386-88 (1818); U.S. v. McBratney, 104 U.S. 621, 26 L.Ed. 869 (1881); Cahe v. U.S., 152 U.S 211, 215, 38 L.Ed 415 (1894); Adams v. United States, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943); United States v. Lopez, 115 S.Ct. 1624, 131 L.Ed. 2d. 626, 661-623 (1991).

It is fundamental law that to usurp the exercise of jurisdiction which is not given would be "treason to the Constitution." Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257, 291 (1821).

The same Court has stated that willful deprivations of defendant's/Petitioner's rights can be punished criminally, even if done by a prosecutor or judge. Imbler v. Pachtman 424 U.S. 409, 47 L.Ed 2d. 128 142-43 and n. 28, 29 (1976), and that there is no immunity for usurpurious participants therein, Wireless v. Waco, 502 U.S. 9, 116 L.Ed. 2d 9, Annotation at 958 (1991).

Like any other citizen, the prosecutors are charged with Knowledge of established law (Article I, Section 8, Clause 17), and must be held accountable for personal misconduct,

_Wood v. Strickland_, 410 U.S. 308, 322, 43 L.Ed 2d. 214 (1975). The prosecutor's heinous misconduct herein clearly violated longstanding fundamental statutory and constitutional rights of which any reasonable person would have known, _Harlow v. Fitzgerald_, 457 U.S. 800, 818, 73 L.Ed. 2d 396 (1982); _Buckley v. Fitzsimmons_, 509 U.S ____, 113 S.Ct. 2602, 125 L.Ed 2d 209, 223 (1993).

Courts are to avoid the inexpediency and unfairness of exposing plaintiffs and/or defendants to the possibility of having their cases tried in a court which lacks jurisdiction, therefore all doubts must be resolved against such a possibility, _Sopena v. Colejon Corp._, 920 F.Supp. 259, 265 (D. Puerto Rico 1996); _Bally v. Natl. Collegiate Athletic Ass'n._, 707 F.Supp. (D.C. Mass. 1988)

Statutes by themselves, do not confer subject matter jurisdiction upon a district court, _Sopena v. Colejon Corp._ 920 F.Supp. 259, 265 (D. Puerto Rico 1996); _Bowen v. Johnston_, 306 U.S. 19, 25, 83 L.Ed. 455 (1939).

Contrary to what some prosecutors usurpatitiously purport, Congress cannot expand the constitutional jurisdiction of the federal courts - in essence, amend the Constitution,

6 of 39

merely by legislating. *United Transportation Union v. I.C.C.*,
891 F. 2d 908, 915, 920 (D.C. Cir. 1989).

"Territorial jurisdiction" is not a technicality, it goes
to the very right to sit in judgment. *U.S. v. Tully*,
140 F. 899, 905 (C.C.D. Mont. 1905); *Bowen v. Johnston*
306 U.S. 19, 24-25, 83 L.Ed. 455 (1939)

Federal "territorial jurisdiction" is a question of law,
and *when challenged* it must be proved that the
United States had accepted exclusive jurisdiction, which
was, in fact, ceded by the state within whose exterior
boundaries the alleged offence occurred, pursuant to
*Title 40 U.S.C. Section 255 (now §3112 )*, *U.S v. Jones*, 480
F.2d 1135, 1137-38 (2nd Cir. 1973); *People of Puerto Rico v.*
*Koedel*, 927 F. 2d 662, 664-65 (1st Cir. 1991)

There is no theory under which "exclusive jurisdiction"
can be implicitly transformed into concurrent jurisdiction
through actions other than legislative intervention.
"State's" rights of sovereignty not being subject to
be taken away by implication. *People of Puerto Rico v.*
*Koedel*, 927 F.2d 662, 666 (1st Cir. 1991); *Fort Leavenworth*
*R.R. Co v. Lowe*, 114 U.S. 525, 531, 29 L.Ed 264 (1885);

_United States v. Lopez_, 115 S.Ct. 1624. 131 L.Ed. 2d. 626. 638
n.3, 642-43 (1995).

Exclusive federal jurisdiction (territorial jurisdiction) in
this context, can mean only one thing: that it is the
United States government, and only the United States
government, which has the power or authority to
prosecute an individual for criminal acts committed
at a particular "location", _People of Puerto Rico v.
Koedel_, 927 F.2d. 662. 665 (1st Cir.1991); _Cohens v.
Virginia_, 19 U.S. (6 Wheat) 264, 396. 5 L.Ed. 257 (1821);
_United States v. Lopez_, 115 S.Ct. 1624. 131 L.Ed. 2d 626.
661-62 (1995)

Whether exclusive federal jurisdiction (territorial jurisdiction)
was acquired under _Article I, Section 8, Clause 17_, of
the United States Constitution, which permits the United States
to obtain exclusive jurisdiction over lands within a state
or under _Article IV, Section 3, Clause 2_, which grants
Congress the power to make all needful rules and
regulations _regarding territories or other properties_
belonging to the United States. is an undeniable fact
which conclusively forecloses any further inquiry into

the matter as to whether the federal government does or does not possess exclusive jurisdiction in each particular instance. _People of Puerto Rico v. Koedel,_ 927 F. 2d. 662. 665 (1st Cir. 1991 ); _Bowen v. Johnston,_ 306 U.S. 19, 22. 82 L.Ed. 455 (1939); _United States v. Lopez._ 115 S.ct. 1624, 131, L.Ed 2d 626. 661-62 (1995).

A prosecutor's spurious reasoning cannot serve to confer judicial power upon federal courts which do not possess it in their own right. _People of Puerto Rico v. koedel,_ 927 F. 2d 662. 665 (1st Cir. 1991)

There are cases of record which purport to treat "territorial jurisdiction" and "exclusive federal jurisdiction" as "frivolous" and "meritless". but examination of the particulars invariably reveals patterns of prosecutorial usurpation and misconduct, with resulting judicial error. _United States v. Schmidt._ 99 F.3d. 315, 320 -21 (9th Cir. 1996) is such an example, wherein AUSA Daniel S. Linhardt's nonsense canards plainly misled a 9th Circuit panel which erroneously rejected Schmidt's challenge of its "territorial jurisdiction" as having "no merit" _without_

<u>addressing the challenge on its merits.</u> The panel's
error is highlighted by their own language previously,
where at they state:

"A district court abuses it's discretion when the record
contains no evidence to support its decision. <u>United States
v. Schlette</u>, 842 F.2d 1577, amended 854 F.2d 359 (9th
Cir. 1988) <u>Id.</u> at 320.
Thus, the panel's option is not only <u>error</u>, but also
simply "dicta."

Another such example of error based in obvious prosecut-
orial misconduct is <u>United States v. Adams</u>, 581 F.2d
193, 200 (9th Cir. 1978) wherein the panel stated:

Adams argues that count IV [...] does not allege a federal
offense. He claims that 18 U.S.C. Section 114, by reference
to 18 U.S.C. Section 1114 limits federal jurisdiction over
the murder of postal employees to those occurring in
the special maritime and territorial jurisdiction of the
United States. The argument is frivolous." <u>Id.</u> At 200

Technically, the panel is correct that <u>18 U.S.C. § 1111 and
1114</u> do indeed allege a federal offense. However, the
panel's decision was plainly constitutionally flawed and

a clear failure of their duty to be bound by their oaths, the Constitution, and Supreme Court authority. Just months prior to their plainly erroneous opinion in <u>United States v. Adams</u>. 581 F.2d 193 (9th Cir. 1978), the Supreme Court in <u>United States v. Antelope</u>. 430 U.S. 641, 51 L.Ed. 701 (1977), stated:

".... under the felony murder provisions of the federal enclave murder statute (18 U.S.C Section 1111).... Id. at 701, 704, and:

Federal jurisdiction would extend to crimes [....] committed on federal enclaves. such as military installations or on vessels of the United States on the high seas." Id. at 708 n. 9, and:

.... crimes occurring elsewhere would not be subject to exclusive federal jurisdiction. <u>Puyallup Tribe v. Department of Game</u>. 391 U.S. 392, 397, n. 11, 20 L.Ed. 2d 689, 88 S.Ct. 1725 (1968). Id. at 08 n. 7.

Clearly. Adams should have faced "state" charges as his crimes did not occur on a "federal enclave" and thus. there plainly was no federal "territorial jurisdiction" under which to charge him.

11 of 39

Whereas such plainly erroneous cases do appear occas-
ionally on the record and superficially seem polished
and "on point", a reviewer must look beyond the ~~them~~
shadows in their mist as they regularly violate _Article I,
Section 8, Clause 17._

Prosecutors such as AUSA Daniel S. Linhardt, _U.S. v. Schmidt_
99 F. 3d 315 (9ᵗʰ Cir. 1996) and others of his ilk,
invariably put forth specious assertions of government
infallibility and ~~emmons~~ omnipotence, but the record
reveals their true character, as in _United States v. Isgro_
751 F. Supp. 846, 857-52 (C.D. Cal. 1990), wherein the
prosecutor:

　　Upon being confronted finally with its false statements
to Court and counsel, the government's reaction was to
stonewall and simply deny the obvious. And:

Thus having been caught with a smoking pistol, the
government, having previously denied that it had a
a pistol, now denied that the pistol smoked.

The Supreme Court regularly addressed the issue,
having observed:

"Like the Hydra slain by Hercules, prosecutorial misconduct
has many heads." _U.S. v. Williams_ 504 U.S. 36, 118 L.Ed.2d. 352,373
(1992).

The capstone of authority and fundamental law which must be
violated in order to treat the issues of "territorial jurisdiction"
and "Exclusive federal jurisdiction" as "meritless and frivolous"
is Article I. Section 8, Clause 17. and subsequent thousands
of Supreme Court cites from 1803 to present

Unprincipled, roguish prosecutors are known for inviting even
appellate courts to follow erroneous district courts' "vision"
and search beyond the limits of the exclusive jurisdiction
doctrine to hold ~~unlimited~~ without effect federal "territorial
jurisdiction," such assertions being plain error because when
the branches of our respective governments entrusted with
the authority to delineate their corresponding jurisdiction
have spoken, the duty of the courts is to ensure that
such limits are observed. People of Puerto Rico v. Koedel.
927 F.2d 662, 667 (1st Cir. 1991); Bowen v. Johnston, 306 U.S
19, 24, 83 L.Ed. 455 (1939); United States v. Lopez, 115 S.Ct.
1624, 131 LEd 2d, 626, 664 n. 9 (1995)

When a court's "territorial jurisdiction" is challenged, the
court must address the issue "on the merits", Sanders v.
United States, 373 U.S. 1, 16-17, 10 L.Ed 2d 148 (1963); and
with "clarity and particularity", McCleskey v. Zant, 499
US 467, 111 S.Ct. 1454, 1470-71. 113 L.Ed. 2d. 517 (1991).

"it being axiomatic that the prosecution must always prove territorial jurisdiction over a crime in order to sustain a conviction therefore, *United States v. Benson*, 495 F.2d 475 481 (5th Cir. 1974); a federal nexus being both a jurisdictional prerequisite and an essential element of the substantive crimes. *United States v. Locklear*, 97 F.3d 196, 199 (7th Cir. 1996); *United States v. Ross*, 77 F.3d 1525 (7th Cir. 1996); *United States v. Key*, 76 F.3d 350, 353 (11th Cir. 1996); *United States v. Lewis*, 67 F.3d 225, 230 (9th Cir. 1995); *United States v. Moede*, 48 F.3d 238, 241 (7th Cir. 1995); *United States v. Schultz*, 17 F.3d 723, 725 (5th Cir. 1994); it being fundamental law that to usurp the exercise of jurisdiction which is not given, would be treason to the Constitution, *Cohens v. Virginia*, 19 U.S. (6 Wheat) 264, 404, 5 L.Ed. 257, 291 (1821); *United States v. Schultz*, 17 F.3d 723, 727 n. 11 (5th Cir. 1994).

Jurisdiction of federal courts must be "proven" when challenged, and constitutional authority is merely the first hurdle which the government must overcome when determining if a federal court has jurisdiction in a particular case because the jurisdiction of the court is limited not only by the

14 of 39

Constitution, but also by "Acts of Congress, <u>Owen Equip.
And Erection v. Kroger</u>, 437 U.S. 365, 57 L.Ed 2d 274, 281-83
(1978).

It is a well established principle that federal courts within
the "States", as opposed to "State" trial courts of general
jurisdiction are courts of limited jurisdiction marked out by
Congress and the Constitution. <u>Aldinger v. Howard.</u> 427 U.S. 1,
15, 49, L.Ed 2d. 276 (1976); and being thereby limited to
those subjects encompassed within constitutional and statutory
grants of jurisdiction. <u>Chertkov v. Office of Personnel
Management,</u> 52 F.3d 961, 966 (Fed. Cir. 1995); <u>Insurance
Corp. Of Ireland Ltd. v. Compagnie des Bauxities de Guinee</u>
456 U.S. 694, 701, 72 L.Ed. 2d. 492 (1982).

Disposition of a case on "territorial jurisdictional" grounds
renders review of the other issues unnecessary, <u>People of
Puerto Rico v. Koedel.</u> 927 F.2d 662, 664 ($I^{st}$Civ. 1991)
because if the United States has no "territorial jurisdiction"
(exclusive jurisdiction) over a cause, the indictment itself
fails to charge a crime cognizable under the authority
of the "United States". <u>Bowen v. Johnston.</u> 306 U.S. 19,
83 L.Ed. 455 (1939); <u>United States v. Lopez</u>, 2 F.3d. 1342,
1368 ($5^{th}$Cir. 1993)

<u>Fundamental Law Indictments</u>

The lawful purpose of an indictment is to furnish defendants with a sufficient description of the charges so as to insure that they are prosecuted on the basis of facts presented to the Grand Jury and to enable defendants to plead jeopardy against a later prosecution. <u>United States v. Russell</u>, 369 U.S. 749, 763, 8 L.Ed. 240 (1962).

The fact that the indictment may have tracked the language of the statutes will not render it valid if it fails to allege an "essential element" of the offense or the minimum facts required to fulfill the purposes of the indictment. <u>United States v. Cecil</u>, 608 F. 2d. 1294, 1295, 1297 (9ᵗʰ Cir. 1979).

An indictment must descend to particulars, it being insufficient to charge in generic terms. <u>United States v. Cruikshank</u>, 92 U.S. (2 Otto.) 542, 558, 23 L.Ed. 588, 593 (1875); <u>United States v. Carll</u>, 105 U.S. (15 Otto.) 611, 612, 26 L.Ed. 1135 (1881)

An indictment that fails to allege a nexus, where such a nexus is a necessary element of the offense is defective. <u>Stirone v. United States</u>, 361 US 212, 216-18, 4 L.Ed 2d 252 (1960); and this is even true though the language of the section contains no such requirement. <u>Russel v. United States</u>, 369 US 749, 763-66, 8 L.Ed. 2d 240 (1962); 2 W LaFave & J. Israel.

Criminal Procedure Section 19.2 at 952 (1989); because an indictment, unlike a bill of information, cannot be amended the failure to allege each element being fatal. United States v. Garrett, 984 F.2d. 1402, 1415, (5th Cir. 1993).

It is fundamental law that an indictment is facial defective and may be attack at any time if it lacks an "essential element" of the offense. United States v. Garrett. 418 U.S 87, 117, 41 L.Ed 2d 590, 620 (1974)

A "Motion to Vacate Sentence and Dismiss the Indictment" may be raised at any time due to the indictment being facially invalid. United States v. Lewis 730 F. Supp. 691 (WDNC 1990), aff'd in part and vacated in part on other grounds, remanded 935 F.2d. 1440 (4th Cir. 1991); United States v. Eichman, 756 F.Supp. 143, (SDNY 1991), aff'd 957 F.2d 45 (2nd Cir. 1992).

When a federally created crime (18 and 21 USC) involves an area traditionally left to the domain of the "States", the jurisdictional authority of the "United States" becomes a crucial part of the proof, it being uniformly held that the basis for federal jurisdiction is an "essential element" of the offense. United States v. McKary, 665 F.2d 674, 678-79 (5th Cir.), cert. denied 456 U.S. 1011, 73 LEd. 2d 1307 (1982); United States v. Matford, 27 F.3d 137, 138 (5th Cir. 1994)

It is the governments burden to prove all elements of charged crimes. _United States v. James_, 987 F.2d 648, 650 (9th Cir. 1993), and failure to prove an essential element of the charged crimes mandates the convictions cannot stand. _Thompson v. Louisville_, 362 U.S. 199, 4 L.Ed 2d 654, 659 (1960); _Jackson v. Virginia_, 443 U.S. 307, 61 L.Ed. 2d. 560, 573 (1979).

Judgments entered where the court lacked territorial jurisdiction, must be set aside. _Jaffe and Asher v. Van Brunt_, 158 F.R.D 278 (SDNY 1994)

Lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation. A court lacking jurisdiction cannot render judgment, but must dismiss the cause at any stage of the proceedings at which it becomes apparent that jurisdiction is lacking. _Sweeton v. Brown_, 27 F.3d. 1162, 1169 (6th Cir. 1994); _Ex Parte McCardle_ 74 U.S (7th Wall.) 506, 514, 19 L.Ed. 264 (1868).

Magistrates and judges are under independent obligations to examine their courts jurisdiction. _Allen v. Wright_, 468 U.S. 737, 750, 82 L.Ed 2d. 556 (1984); as are appellate courts also in turn, _Bender v. Williamsport Area School Dist._, 475 U.S. 534, 541, 89 L.Ed. 2d. 501 (1986); _FW/PBS, Inc. V. Dallas_, 493 U.S. 215,

107 L.Ed 2d 603, 621-22 (1990).

Objections to the jurisdiction of a federal court may be taken at any time and are not waived because they were not made in a prior proceeding, <u>Boom Co. v. Patterson</u>, 98 U.S. 403, 25 L.Ed. 206 (1879), being a question which the court "must examine and determine", <u>Metcalf v. Watertown</u>, 128 U.S. 586, 32 L.Ed. 543 (1888); recognizing that if the trial courts had no jurisdiction that is a matter which is always open, <u>Montana R. Co. v. Warren</u>, 137 U.S. 348, 34 L.Ed. 681 (1890); the Supreme Court stating that it is the "duty" of every court on its own motion to inquire into the matter of its jurisdiction, <u>Minnesota v. Hitchcock</u>, 185 U.S. 373, 46 L.Ed. 954 (1902); it being the "duty" of <u>every</u> court to see that the jurisdiction of the prior court's proceedings were not exceeded, <u>Louisville & N.R. Co. v. Mottley</u>, 211 U.S. 149, 53 L.Ed. 126 (1908).

This court has the "duty" to recognize its lack of territorial jurisdiction and in case of its failure to do so, defendants have the Right to seek a "Writ of Prohibition", <u>Mallard v. U.S District Court of Iowa</u>, 490. U.S. 296, 308-09, 104 L.Ed 2d. 318, 331-32 (1989); it being necessary to confine district courts to the lawful exercise of their prescribed jurisdiction, <u>United</u>

States v. United State District Court, 334 U.S. 258. 92 L.Ed. 2d. 1351 (1948); this court holding the "duty" to stand as a bulwark in opposition to usurpation and provide relief; Gregory v. Ashcroft, 501 US 452, 115 L.Ed. 2d. 410, 422-23 (1991); The Federalist, No. 28 and 51.

The government has proceeded as if Title 18 U.S.C. Section 7 (General Provisions of 18 U.S.C.) is inapplicable to the statutes the Petitioner is charged with violating, which is plainly wrong and clear usurpation. It is an elementary canon of ~~construction~~ construction that a statute must be interpreted so as not to render one part inoperative. Colautti v. Franklin, 439 U.S. 379, 392. 58 L.Ed. 2d. 596 (1979). It is this court's "duty" to give effect, if possible, to every clause and word of a statute, rather than to emasculate an entire section. Montclair v. Ramsdell, 107 U.S. 147, 152, 27 L.Ed. 431 (1883); Mountain States Tel. & Tel Co. v. Pueblo of Santa Ana, 472 U.S. 237. 249, 86 L.Ed. 2d. 475 (1985).

Usurpation such as has occurred herein, is well illustrated in Sosna v. Iowa, 419 U.S. 393, 42 L.Ed. 2d. 532. Annotation at 951-55 (1975), with scores of cites, and in the government's

own publication, <u>Jurisdiction Over Federal Areas Within The</u>

<u>States</u>, (1956-1957). with hundreds of cites.

The Supreme Court has held, where a plaintiff/defendant was

prosecuted for a violation of a federal statute wherein no federal

territorial jurisdiction existed and the appellants ~~had~~ had even

failed to raise the lack of jurisdiction below, that the district

court should have declined sua sponte to proceed in the

cause, <u>United States v. Corrick</u>, 298 U.S. 435, 80 L.Ed. 1263, <u>reh</u>.

<u>denied</u>, 298 U.S. 692, 80 L.Ed 1410 (1936).

Thus, it is plain that it is <u>not</u> the "alleged" actions of defendant/

Petitioner which determines federal jurisdiction in this case,

but rather, the <u>place</u> where they were "committed", as has

been well settled and illustrated by the following authority:

  To oust this State of its jurisdiction ... and to punish

crime(s), it must be shown that an offense committed within

the acknowledge limits of the State, is clearly and exclusively

cognizable by the laws and courts of the United States....

Cheif Justice Marshall observed that to bring the offense within

the jurisdiction of the courts of the union, it must have been

committed out of the jurisdiction of any state; it is not

(he says), the offense committed, but the place, in which it

is committed, which must be out of the jurisdiction of the State." *People v. Godfrey.* 17 Johns. 225, 233 (N.Y. 1819) (quoting *United States v. Bevans.* 16 U.S. (3 Wheat.) 336, 350-51, 386-88 (1818).

The laws of Congress in respect to those matters do not extend into the territorial limits of the states, but have force only in the District of Columbia and other places that are within the exclusive jurisdiction of the national government. *Caha v. United States.* 152 U.S. 211, 215, 14 S.Ct. 513, 38 L.Ed. 415 (1894).

No jurisdiction existed in United States to enforce federal criminal laws until consent to accept jurisdiction over acquired lands have been filed in behalf of United States. as provided in *Title 40 U.S.C.A Section 255.* ~~and sec~~ (now *Title 40 U.S.C. § 3112),* and fact that State authorized government to take jurisdiction was immaterial. *Adams v. United States.* 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943).

Federal crimes are not cognizable by federal courts when they occur within a state, in the absence of a reservation or cession of exclusive jurisdiction, applicable to places within the exclusive jurisdiction of the United States. *United States v.*

McBratney, 104 U.S. 621, 26 L.Ed. 869 (1881).

Fundamental law and controlling authority was conclusively settled within the _Constitution_ itself, wherein it stated:

To exercise exclusive legislation [jurisdiction] in all cases whatsoever, over such district (not exceeding ten miles square) as may, by cession of particular states, and the acceptance of Congress, become the Seat of the Government of the United States, and to exercise like authority over all places purchased by the Consent of the Legislature of the state in which the same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings. _Article I. Section 8, Clause 17 of the U.S. Const._

The general rule is that a "State" has exclusive jurisdiction over the land(s) within it's exterior boundaries. _State of Arizona v. Manypenny_, 445 F.Supp. 1123, 1125 (D. of Ariz. 1977); _United States v. McBratney_, 104 U.S. 621, 26 L.Ed. 261 (1946). Even a military reservation comes under the jurisdiction of the state upon "Statehood" where there is no express savings clause to prevent it, _Fort Leavenworth R. Co. v. Lowe_, 114 U.S. 525, 529, 29 L.Ed. 264 (1885); _Manypenny, supra.,_ at 1126 (1977).

While there are many cases where a state cedes jurisdiction to the "United States" over property within the state's exterior boundaries such as <u>Collins v. Yosemite Park & Curry Co.</u>, 304 U.S. 518, 82 L.Ed. 1502 (1938), this was never done for the property of the locus in quo where the alleged crime(s) occurred in case number: 4:17-cr-00012-CDP-1, which is the issue herein.

The <u>fact</u> that this issue's significance cannot be overstated is illustrated by the federal government's own publication published by the United States Government Printing Office in 1956-1957, <u>Jurisdiction Over Federal Areas Within The States.</u> ("Report of the Interdepartmental Committee for the Study of Jurisdiction over Federal Areas within the States"), <u>Part I & II</u> particularly at <u>Part II</u>, which stated unequivocally that the federal government has no authority to restrict or compel the activities of the individual in those areas which are outside the legislative and territorial jurisdiction thereof, and that the federal courts are limited by and do not exceed the jurisdiction held by the federal government itself, stating as follows:

The Constitution gives express recognition to but one means of federal acquisition of legislative jurisdiction -- by state consent under Article I, Section 8, Clause 17... Justice McLean

suggested that the Constitution provided the sole mode for transfer of jurisdiction, and that if this mode is not pursued, no transfer of jurisdiction can take place. <u>Id</u>. at 41.

It scarcely needs to be said that unless there has been a transfer of jurisdiction (1) pursuant to Clause 17 by a federal acquistion of land with state consent or (2) by a cession from the state to the federal Government, or unless the Federal Government has reserved jurisdiction upon the admission of the state, the federal Government possesses no legislative jurisdiction over any area within a state, such jurisdiction being for exercise by the state, subject to non-interference by the state with federal functions. <u>Id</u>. at 45.

The Federal Government cannot, by unilateral action on its on part, acquire ~~constitua~~ legislative jurisdiction over any area within the exterior boundaries of a state. <u>Id</u>. at 46.

On the other hand, while the Federal Government has power under various provisions of the Constitution to define and prohibit as criminal, certain acts or omissions occurring anywhere in the United States, it has no power

to punish for various other crimes, jurisdiction over which
is retained by the states under our federal-state system
of government, unless such crime occurs on areas as
to which legislative jurisdiction has been vested in the
Federal Government. _Id._ at 107.

Thus, it is plain that the "United States" _does not_ have
territorial jurisdiction over every square inch of territory
within the "United States of America" including "in the
State and District of Missouri"

Federal "territorial jurisdiction is an "essential element"
of the Petitioner's indictment's offenses Title 18 U.S.C. §1951 and
Title 18 U.S.C. §2; and Title 18 U.S.C. §924(c)(1)(A). See Title 18
U.S.C. §7(1), and (3) and (5); U.S. Const. Article I. Section 8, cl.17;
U.S. Const. Article 4. Section 3, cl.2.

Petitioner's indictment itself alleges facts over which the
U.S. District Court for the Eastern District of Missouri had no
"territorial jurisdiction" constituting "self-evident proof," that
the indictment is not warranted in law, being facially
invalid. "self-declaring" that Petitioner's alleged actions
were done "outside" the "territorial jurisdiction" of the
United States, rendering Petitioner's conviction "void for want
of federal territorial jurisdiction." and/or Actual Innocent of
a federal offense.

Constitutional and Statutory Facts

"Territorial jurisdiction" is every court's foundational requirement for empowerment. The government has proceed herein as if subject matter jurisdiction is their _only_ requirement and thereafter operated under "color-of-law."

The government's fraudulent position herein would permit a federal magistrate jurisdiction over a person charged with jaywalking within any town in the United States of America, because of the prohibition against jaywalking in Washington, District of Columbia.

The issue was succinctly addressed by an honorable federal jurist in <u>United States v. Tully</u> 140 F. 899, 905 (C.C.D. Mont. 1905), who stated:

[Territorial jurisdiction] is not a technicality, it goes to the very right to sit in judgment.

The government practiced usurpation herein, whereby with "deliberate indifference" they plainly violated <u>18 U.S.C. Sections 7(1) and (3) and (5) and Article I, Section 8, Clause 17.</u>

The government practiced usurpation herein, whereby with "deliberate indifference".

The plain outrageousness of their actions is clear when viewed through the lens of <u>United States v. Lopez</u>, 115 S.Ct. 1624, 131 L.Ed. 2d 626 (1995), where Justice Thomas stated:

Even before <u>Gibbons</u>, Chief Justice Marshall, writing for the Court in <u>Cohens v. Virginia</u>, 6 Wheat, 264, 5 L.Ed. 257 (1821), noted that Congress had 'no general right to punish murder committed within any of the States'. <u>Id.</u> at 426, 5 L.Ed. 257, and that it was 'clear that Congress cannot punish felonies generally.' <u>Id.</u> at 428, 5 L.Ed 257. The court's only qualification was that Congress could enact such laws for places where it enjoyed plenary powers -- for instance, over the District of Columbia. <u>Id.</u> at 426, 5 L.Ed. 257. Lopez, supra., at 661 (1995) and:

The law in question was 'plainly a regulation of police' which could have constitutional application only where Congress had exclusive authority, such as the territories. <u>Id.</u> at 44-45, 19 L.Ed 593. Lopez, supra., at 662 (1995): and

'If Congress were to make a law not warranted by any

of the powers enumerated, it would be considered by the judges as an infringement of the Constitution which they are to guard.... they would declare it void." *Lopez, supra,* at 664 n. 9 (1995); and

Chief Justice Marshall stated in <u>McCulloch v. Maryland,</u> 4 Wheat. 316 (1819):

The [federal] government is acknowledged by all to be one of enumerated powers. The principle that it can exercise only the powers granted to it [...] is now universally admitted. [...] See also <u>Gibbons v. Ogden,</u> 9 Wheat., at 195 ('the enumeration presupposes something not enumerated.')

The Constitution mandates ~~that~~ this uncertainty by withholding from Congress a plenary police power that would authorize enactment of every type of legislation. <u>See</u>: U.S. Const., Article I, Section 8; and

To uphold the government's contention here, we would have to pile inference upon inference in a manner that would bid fair to convert Congressional authority [....] to a general police power of the sort retained by the State [...] This we are unwilling to do. *Lopez, supra.,* at 642-43 (1995)

29 of 39

The government's arrogant usurpation is plain when contrasted ~~contrasted~~ with Supreme Court authority as follows:

Federal jurisdiction would extend to crimes on federal enclaves, such as military installations, or on vessels of the United States on the high seas, whereas crimes occurring elsewhere, would not ~~an~~ be subject to exclusive federal jurisdiction. United States v. Antelope, 430 U.S. 641, 51 L.Ed 2d. 701, 708 n. 7 and 9 (1977); Puyallup Tribe v. Department of Game, 391 U.S. 392, 397 n. 11, 20 L.Ed. 2d 689 (1968); United State v. Lopez, supra., at 661-62 (1995).

Article I, Section 8, Clause 17 of the U.S. Const., is a fundamental law and controlling authority herein, ~~which~~ which this court and the prosecutors are subject to, bound by and sworn to uphold.

Under Title 18 U.S.C.'s "General Provision", 18 U.S.C. Section 7(3) is a simplified restatement of the fundamental provisions of Article I, Section 8, Clause 17; and 18 U.S.C. Section 5 carefully circumscribed the fact that Title 18 is territorially based with the wording: ". . . . subject to jurisdiction of the United States."

18 U.S.C. Section 7(1) and (5) repeatedly stress the jurisdictional requirement for _Title 18's applicability_."..... _out of the jurisdiction of any particular state_".

Congress was scrupulous about this issue; for example in chapter 11 (Bribery, Graft, and Conflicts of Interest) regarding which the Revision Notes under 18 U.S.C. Section 7 states:

The section defines a term rather than the place of commission of crime(s) or offense; however, the extent of the special jurisdiction as originally enacted has been carefully followed.

Title 18 U.S.C.'s Federal Rules of Criminal Procedure leaves no doubt as to their applicability only within the "territorial jurisdiction" of the "United States" stating:

All federal crimes are statutory and all criminal prosecutions in the federal courts are based on acts of Congress... Rule 26; Notes of Advisory Committee on rules, and:

These rules apply to all criminal prosecutions in the federal courts are based on acts of Congress.

These rules apply to all criminal proceedings in the United States District Courts. Rule 54(a); and

A judge of the United States or another judge or judicial official and/or officer specifically empowered by statute in

force in any territory  or possession, the Commonwealth of
Puerto Rico, or the District of Columbia to perform a function
to which a particular rule relates, Rule 54(c), para 7, and:
'Act of Congress' includes any act of Congress locally applicable
to and in force in the District of Columbia. in Puerto Rico.
in a territory or an  insular possession, Rule 54(c), para 2, and:
'State' includes District of Columbia, Puerto Rico, territory and
insular possession Rule 54(c) para. 13.
Conversely, when there is 'extra territorial jurisdiction' within
a "state" of the United States, Congress  understands how
to specify such where it applies: for example Chapter 23
of _Title 18 USC_ (Power of Court, Contempts Constituting
Crimes):
For purpose of this section [18 U.S.C. Section 4023, the term
'State' includes a State  of the United States, the District
of Columbia, and any commonwealth, territory, or possession
of the United States,
which is a  requirement in view of the "necessary and proper"
clause (Article I, Section 8, clause 18).
Another such example is _18 U.S.C. Section 351_ Congressional, Cabinet,
and Supreme Court; Assassination, kidnapping, and Assault;
Penalties.

(I) There is extraterritorial jurisdiction over the conduct prohibited by this section.

18 U.S.C. Section 921(a)(a) Definitions states:

The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico and the possessions of the United States (not including the Canal Zone).

18 U.S.C Section 927 states:

No provision of this chapter shall be construed as indicating an intent on the part of Congress to occupy the field in which such provision operates to the exclusion of the law of any state on the same subject matter.

Thus, clearly our national government is one of delegated power alone. Under our federal system, the administration of criminal justice rests with the states, except as Congress, acting within the scope of those delegated powers, has created offenses against the United States. When Congress criminalizes conduct already denounced as criminal by the states, it effects a "change in the sensitive relation between federal and state jurisdiction". United States v. Lopez, 115 S.Ct 1624, 131 L.Ed. 2d 626, 638 n. 3 (1995); Brecht v. Abrahamson, 507 US ___, 123 L.Ed. 353 (1993); Engle v. Isaac, 456 US 107, 128 71 L.Ed. 783 (1982); United

18 U.S.C. Section 7(1) and (5) repeatedly stress the jurisdictional requirement for _Title 18's applicability_."...._out of the jurisdiction of any particular state_".

Congress was scrupulous about this issue; for example in chapter 11 (Bribery, Graft, and Conflicts of Interest) regarding which the Revision Notes under 18 U.S.C. Section 7 states;

> The section defines a term rather than the place of commission of crime(s) or offense; however, the extent of the special jurisdiction as originally enacted has been carefully followed.

Title 18 U.S.C.'s Federal Rules of Criminal Procedure leaves no doubt as to their applicability only within the "territorial jurisdiction" of the "United States" stating:

All federal crimes are statutory and all criminal prosecutions in the federal courts are based on acts of Congress... Rule 26; Notes of Advisory Committee on rules, and;

These rules apply to all criminal prosecutions in the federal courts are based on acts of Congress.

These rules apply to all criminal proceedings in the United States District Courts. Rule 54 (a); and

A judge of the United States or another judge or judicial official and/or officer specifically empowered by statute in

(I) There is extraterritorial jurisdiction over the conduct prohibited by this section.

<u>18 U.S.C. Section 921(a)(a) Definitions states:</u>

The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico and the possessions of the United States (not including the Canal Zone).

<u>18 U.S.C Section 927 states:</u>

No provision of this chapter shall be construed as indicating an intent on the part of Congress to occupy the field in which such provision operates to the exclusion of the law of any state on the same subject matter.

Thus, clearly our national government is one of delegated power alone. Under our federal system, the administration of criminal justice rests with the states, except as Congress, acting within the scope of those delegated powers, has created offenses against the United States. When Congress criminalizes conduct already denounced as criminal by the states, it effects a "change in the sensitive relation between federal and state jurisdiction". <u>United States v. Lopez</u>, 115 S.Ct 1624, 131 L.Ed. 2d 626, 638 n. 3 (1995); <u>Brecht v. Abrahamson</u>. 507 US ___, 123 L.Ed. 353 (1993); <u>Engle v. Isaac</u>, 456 US 107, 128 71 L.Ed. 783 (1982); <u>United</u>

_State   v. Emmons._ 410 U.S. 396, 411, 412, 35 L.Ed.2d 379 (1973);

_United States   v. Bass._ 325 U.S. 91, 109, 89 L.Ed. 1495 (1945).

_Title 18 and 21 USC._ are "Acts of Congress" and it is a long standing principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the "territorial jurisdiction" of the United States, _EEOC v. Arabian American Oil Co._ 499 U.S 244, 113 L.Ed. 2d 274, 282 (1991), and it must be so, because any other interpretation would plainly violate "fundamental law." _Article I. Section 8, clause 17 of the U.S. Const._

## RECORD FACTS

Petitioner was indicted of violating 18 U.S.C. Section 1951, Title 18 U.S.C. §2; and Title 18 U.S.C. §924(c)(1)(A). "in the

State and District of Missouri" which is at least "vague", being devoid of a "specific location" and, furthermore, _clearly insufficient_ as said "location" where the alleged criminal act(s) and/or crime(s) has not been ceded to blanket "territorial jurisdiction" of the United States, under the constitutionally mandated requirement of _Article I, Section 8, clause 17 of the U.S. Const.; Title 40 U.S.C. Section 3112._

_State v. Emmons._ 410 U.S. 396, 411, 412, 35 L.Ed.2d 379 (1973);

_United States v. Bass._ 325 U.S. 91, 109, 89 L.Ed. 1495 (1945).

_Title 18 and 21 USC._ are "Acts of Congress" and it is a long standing principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the "territorial jurisdiction" of the United States, _EEOC v. Arabian American Oil Co._ 499 U.S. 244, 113 L.Ed. 2d 274, 282 (1991), and it must be so, because any other interpretation would plainly violate "fundamental law." _Article I, Section 8, clause 17 of the U.S. Const._

## RECORD FACTS

Petitioner was indicted of violating 18 U.S.C. Section 1951, Title 18 U.S.C. §2; and Title 18 U.S.C. §924(c)(1)(A), "in the

State and District of Missouri" which is at least "vague", being devoid of a "specific location" and, furthermore, _clearly insufficient_ as said "location" where the alleged criminal act(s) and/or crime(s) has not been ceded to blanket "territorial jurisdiction" of the United States, under the constitutionally mandated requirement of _Article I, Section 8, clause 17 of the U.S. Const.; Title 40 U.S.C. Section 3112._

The Supreme Court has consistently recognized Clause 17's constraint, from at least as far back as _Martin v. Hunter's Lessee_, 14 U.S. (1 Wheat) 304, 324, 4 L.Ed 97 (1816), through _United States v. Lopez_ 115 S.Ct. 1624, 131 L.Ed. 2d 626, 661-62 (1995), considering the issue "of great importance and delicacy" in determining whether particular sovereign powers have been granted by the Constitution to the federal government or have been retained by the states. _New York v. United States_, 505 U.S 144, 120 L.Ed. 2d. 120, 137, (1992).

Whereas an "Act of Congress" (Title 18 and 21 U.S.C.) may be authorized by Article I of the Constitution, (treason, counterfeiting, etc.). _McCulloch v. Maryland_, 17 U.S. (4 Wheat) 316, 4 L.Ed 579 (1819), if it is not so authorized (18 U.S.C. Sections) that the Petitioner has been indicted on and convicted of which are such "Acts of Congress" only has application within the "territorial jurisdiction" of the United States as defined by _Clause 17_, Lopez, supra., at 661-62 n. 6 (1995). The government's actions "in want of federal territorial jurisdiction" establishes that the Petitioner's indictment herein is void for want of federal territorial jurisdiction: and Actually innocence of a federal crime(s). _See_ Affidavit sent to the Government Exhibit A.

<u>Conclusion</u>

It is plain, unambiguous and without any doubt, being conclusively established by the <u>Federal Criminal Code</u> itself; its <u>Federal Rules of Criminal Procedures</u>; <u>Article I, Section 8, clause 17</u>; <u>Article 4, Section 3, cl. 2</u>; <u>Title 18 U.S.C. §7(3)</u>; <u>Tenth Amendment</u>; the presented evidence/Exhibit(s) herein; and the Petitioner's Indictment itself, that the government's charges are inapplicable to the Petitioner's alleged actions herein, which plainly occurred <u>out</u> of the "territorial jurisdiction" of the United States.

The error herein is clear under the law and affects substantial rights, which seriously affects the fairness, integrity and public reputation of judicial proceedings. <u>United States v. Dorri</u>, 15 F.3d 888, 891 (9th Cir. 1994); <u>United States v. Olano</u>, 507 U.S. ___, 113 S.Ct. 1770, 1779, 123 L.Ed. 2d. 508 (1993).

<u>Fraud on the court</u> is outrageous prosecutorial misconduct directed to the judicial machinery itself, which was intentionally false, willfully blind to the truth, and in reckless disregard for the truth, which misconduct deceived the courts. <u>Demjanjuk v. Petrovsky</u>, 10 F.3d 338, 348 (6th Cir. 1993).

The prosecutors have obligation to work for ~~more~~ <u>justice</u>, not simply a result which favors the prosecutor's

preconceived idea of what the outcome of legal proceedings

should be. _Demjanjuk v. Petrovsky_, supra., at 352-53 (1993).

This Court is authorized to discharge defendant
upon concluding that it was without territorial jurisdiction
to impose sentence herein. _United States v. Addonizio_ 442 U.S
178, 185, 60 L.Ed. 2d. 805, 811 (1979); _Ex Parte Watkins_.
28 US (3 Pet.) 193, 202-03, 7 L.Ed. 650 (1830).
When a federal court lacks "territorial jurisdiction",
the _only_ issue before it is its "immediate duty" to
~~recogn~~ (1) recognize its lacks of jurisdiction; (2) announce
its "lack of jurisdiction;" and (3) dismiss the cause [vacate].

_Ex Parte McCardle_, 74 US (7 Wall.) 506, 514, 19
L.Ed. 264 (1868); which judicial action is to be "swift
and imperative". _Fay v. Noia_. 372 US 391, 9 L.Ed. 2d 837,
867 (1963); it being this court's "duty" to render "prompt"
justice against itself. _Glidden v. Zdanok_, 370 U.S. 530,
8 L.Ed. 2d 671, 678 (1962).
If a judgment is "void". it is a nullity from the outset
and when rule providing for relief from a void
judgment is applicable. relief is not a discretionary
matter", it is mandatory. _Orner v. Shalala_, 30 F. 3d 1307,

THEREFORE, Petitioner is entitled to relief to vacate sentence and/or conviction. Dismiss the indictment and/or sentence. And restoration of life, liberty and property, for the indictment is "void-for want of federal territorial jurisdiction"; and

THAT, the United States and/or its federal Agencies lacked federal territorial jurisdiction over the locus in quo - over the land(s) over the, alleged crime(s) occurred. Pursuant to Title 40 U.S.C. § 3112; Article I, Section 8, cl. 17 of the U.S. Const.; Article 4, Section 3, cl. 2 of the U.S. Const.; Title 18 U.S.C. § 7(3); and

And any other relief deemed necessary and proper in this matter.

WHEREFORE, the Petitioner request(s) that the Court enters an order dismissing the Indictment Vacate Sentence. and Immediate Release;

Any further relief deemed necessary in this Matter.

THEREFORE. Petitioner is entitled to relief to vacate sentence and/or conviction. Dismiss the indictment and/or sentence. And restoration of life, liberty and property, for the indictment is "void-for want of federal territorial jurisdiction"; and

THAT, the United States and/or its federal Agencies lacked federal territorial jurisdiction over the locus in quo, over the land(s) over the, alleged crime(s) occurred. Pursuant to Title 40 U.S.C. §3112; Article I. Section 8. cl. 17 of the U.S. Const.; Article 4. Section 3, cl. 2 of the U.S. Const.; Title 18 U.S.C. § 7(3); and

And any other relief deemed necessary and proper in this matter.

WHEREFORE. the Petitioner request(s) that the Court enters an order dismissing the Indictment Vacate Sentence. and Immediate Release;

Any further relief deemed necessary in this Matter.

I HEREBY CERTIFY that all here in is true and correct to the best of my knowledge, information and belief under the penalty of perjury.

Executed Date: __Sept. 13, 2018__          x __Anthony Caruthers__

I HEREBY CERTIFY that all here in is true and correct to the best of my knowledge, information and belief under the penalty of perjury.

Executed Date: Sept. 13, 2018          x Anthony Caruthers