# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY D. CARUTHERS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:18 CV 1588 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Movant Anthony Caruthers seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Caruthers was sentenced to a term of 168 months imprisonment following his plea of guilty to one count of armed robbery and one count of brandishing a firearm in furtherance of a robbery. Case No. 4:17CR012 CDP. Caruthers did not appeal his conviction or sentence.

Caruthers' sole claim for § 2255 relief is framed as a claim of prosecutorial misconduct, although in substance, Caruthers challenges the U.S. government's jurisdiction to prosecute him in this Court for the offenses to which he plead guilty. Caruthers broadly contests the constitutionality of the statute he was charged under, both facially and as applied to the facts of his case. Caruthers' arguments are plainly meritless in light of longstanding Eighth Circuit precedent. Accordingly, for the following reasons, I will deny Caruthers' motion.

## Discussion

### A. No Evidentiary Hearing is Required

As a preliminary matter, I note that I will not hold an evidentiary hearing on this motion. "A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless the motion and the files and the records of the case conclusively show that he is entitled to no relief." *Anjulo–Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citations omitted). No hearing is required when the claim is inadequate on its face, or the record affirmatively refutes the factual assertions upon which the claim is based. *Id*. Caruthers' jurisdictional arguments are meritless and there are no other arguments presented in support of his prosecutorial misconduct claim, and so I conclude that no evidentiary hearing is required.

### B. Caruthers' Prosecution Was Not Unlawful for Lack of Jurisdiction

Caruthers' lengthy memorandum in support of his motion consists primarily of loosely-related citations to U.S. Supreme Court cases, the Federal Rules of Criminal Procedure, and the U.S. Constitution, most bearing little relevance to his purported claim of prosecutorial misconduct. Among other things, Caruthers suggests that states have exclusive jurisdiction over offenses which occur on state land; that Congress exceeded its Tenth Amendment and Commerce Clause authority by passing the Hobbs Act, 18 U.S.C. § 924 *et seq.*, the statute he was

charged under; and generally that the facts to which he plead guilty do not qualify as an act affecting "interstate commerce" within the meaning of the Commerce Clause, U.S. Const. Art. I Sec. 8 cl. 3.  For these reasons, Caruthers argues that the decision to prosecute him in this Court, absent the requisite "territorial jurisdiction," constituted prosecutorial misconduct and consequently renders his indictment void.[1]

First, there is no merit to Caruthers' claim that the jurisdiction of the federal courts is limited only to offenses which occur on federal lands.  Federal courts possess original jurisdiction over all violations of federal law.  18 U.S.C. § 3231; *United States v. Hayes*, 574 F.3d 460, 471 (8th Cir. 2009).  Caruthers was arrested, charged, and plead guilty to federal offenses he committed in the City of St. Louis, which is located in the Eastern Division of the Eastern District of Missouri. 18 U.S.C. §§ 924(a), 1951(a); 28 U.S.C. 105(a)(1).  The fact that his offense did not occur on federal property is irrelevant for purposes of this Court's jurisdiction.

Nor is there merit to Caruthers' broad contentions that his federal prosecution under the Hobbs Act, 18 U.S.C. § 924 *et seq.*, violates state

---

[1] The government contends that Caruthers framed his jurisdictional argument as a claim for prosecutorial misconduct in an attempt to avoid his explicit waiver of "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 18, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel."  Plea Agreement, Case No. 4:17CR012 CDP, at ECF 62 pg. 8.  While it appears that Caruthers' claim has indeed been waived, I will consider it on the merits here as the result is the same either way.

3

sovereignty and the U.S. Constitution. Controlling Eighth Circuit precedent forecloses his claim:

> We have no doubt that Congress, when it passed the Hobbs Act, had in mind primarily offenses with a broad impact on interstate commerce, as opposed to local robberies normally prosecuted under state law. The important point, though, is not what motivated Congress to pass the Hobbs Act, but rather what the Hobbs Act says. Its words in no way exclude prosecutions for single local robberies, so long as they satisfy the requirement that commerce or the movement of any article or commodity in commerce is obstructed, delayed, or affected, always understanding that by "commerce," in this context, is meant "interstate commerce."

*United States v. Farmer*, 73 F.3d 836, 843 (8th Cir. 1996). Relatedly, Caruthers' statutory-based argument that his offense did not affect interstate commerce and could not support his prosecution under the Hobbs Act is both factually and legally incorrect. Caruthers admitted to knowingly violating 18 U.S.C. §§ 1951 and 924(c) and that there was a factual basis for his guilty plea. Caruthers confirmed that everything contained in his plea agreement was true to the best of his knowledge and understanding, and that there was nothing in his plea agreement with which he disagreed or did not understand. *Id*. at p. 8. In so doing, he confirmed, under oath, that he robbed a Boost Mobile store located in St. Louis, Missouri, and that his conduct constituted a federal offense.[2] As was the case

---

[2] Specifically, Caruthers admitted that he obtained property from a Boost Mobile store located in St. Louis, Missouri; that the Boost Mobile store was a commercial establishment presently and previously engaged in interstate commerce; and that as a result of his actions, interstate commerce (or an item moving interstate commerce) was affected. Change of Plea Hearing Transcript, p. 10-11.

when he plead guilty, the facts to which Caruthers admitted are factually and legally sufficient to sustain his prosecution under the Hobbs Act. *See United States v. Vong*, 171 F.3d 648, 654 (8th Cir. 1999) (holding that petitioner's robberies of local jewelry stores affected interstate commerce because the stores bought and resold jewelry manufactured out of state and shipped using interstate transportation channels); *Farmer*, 73 F.3d at 843 (finding that a small town convenience store robbery had an effect on interstate commerce because the store sold products that came from outside the state and the country and its parent company had stores in several states).

Finally, Caruthers' challenge to the constitutional validity of the Hobbs Act itself as exceeding Congressional legislative authority is conclusively foreclosed by controlling Eighth Circuit precedent as well:[3] "[T]he Hobbs Act contains an express nexus requiring the charged criminal conduct to affect interstate commerce. Congress has the constitutional authority to pass such legislation, and [petitioner's] constitutional challenge to the Hobbs Act thus fails." *United States v. House*, 825 F.3d 381, 386 (8th Cir. 2016); *see also Vong*, 171 F.3d at 654 ("We have no doubt of the power of Congress to protect from violence businesses that

---

[3] Caruthers repeatedly cites to *United States v. Lopez*, 514 U.S. 549 (1995), to support his claim that Congress exceeded its Commerce Clause powers. His reliance is misplaced; the Eighth Circuit "has specifically stated that *Lopez* does not apply to cases involving commercial establishments." *Vong*, 171 F.3d at 654.

5

are part of an interstate chain."). "The federal jurisdictional requirement in the Hobbs Act is satisfied . . . when a robbery depletes the assets of a business engaged in interstate commerce." *House*, 825 F.3d at 386.

Caruthers does not appear to advance any other arguments in support of his claim of prosecutorial misconduct aside from his general claim that his prosecution was unlawful due to lack of jurisdiction; because I conclude that this Court possessed original jurisdiction over the federal offenses he committed and that his prosecution was not unlawful for lack of jurisdiction or any other reason, Caruthers' § 2255 motion is denied. To the extent Caruthers raises any additional challenges to this Court's jurisdiction in his motion or reply brief not specifically addressed in this order, his arguments are without merit and do not change my conclusions set forth above.

### C. I Will Not Issue A Certificate of Appealability

As Caruthers has not made a substantial showing of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-32 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings). Accordingly,

6

**IT IS HEREBY ORDERED** that Anthony Caruthers' motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Caruthers has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in compliance with this Order is entered today.

                                                      _____
                                                      CATHERINE D. PERRY
                                                      UNITED STATES DISTRICT JUDGE

Dated this 8th day of April, 2021.